**Glendel D. WHEELER, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. N 64 C 20.**

United States District Court
E. D. Missouri, N. D.

May 18, 1964.

Glendel D. Wheeler, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., for respondent.

REGAN, District Judge.

This matter is before the Court on motion of petitioner to vacate the sentence in case No. N 62 CR 1. In that case the petitioner was tried and convicted of the robbery of a bank insured by the Federal Deposit Corporation, and, in committing the offense, of putting a life in jeopardy. This Court imposed a sentence upon the defendant, Glendel Wheeler, petitioner herein, of eighteen years on June 29, 1962. The petitioner appealed and the judgment was affirmed.

The grounds for petitioner's motion is that he was mentally incompetent before, during and after his conviction and sentence. He apparently encompasses in his motion a claim of insanity at the time of the offense, a claim of incompetency to aid in his defense or to stand trial, and incompetency at the time of sentencing. Petitioner alleges that he has no memory of violating any laws or perpetrating any crime against the United States.

At the trial in case N 62 CR 1 petitioner was represented by able counsel of his own choice and one who is well recognized in the field of representation of persons charged with crime. At no time did defendant or his counsel apprise the Court of any question regarding petitioner's sanity or competency. The Court had an opportunity to observe the defendant during the pre-trial, trial and sentencing procedure and had no reason to doubt the competency of the defendant. Furthermore, before sentencing, the Court ordered a pre-sentence investigation which included a report on the personal health history of petitioner. Early in

1957, the petitioner underwent treatment at The Quincy Clinic, Quincy, Illinois, at which time it was reported that he was disturbed and in need of psychiatric treatment. However, in June of 1957, after admittance to the Veterans Hospital, Iowa City, Iowa for physical causes petitioner underwent psychiatric examination and observation, and petitioner was discharged upon the conclusion that the petitioner was "sane and competent." The report further shows that just prior to the time of the commission of the offense and several months subsequent thereto, the petitioner was employed by a trucking service company. At times he leased his own truck to the company; at other times he drove company equipment and worked with barging operations of the company. Officials of the company spoke highly of his work and conduct as an employee.

It was and is the Court's opinion that the defendant knew and understood the nature of the proceedings at each step and was capable of assisting in his defense.

The mere allegation of insanity or incompetency on a motion for vacation of sentence is insufficient to require a hearing. The record reflects a trial in which petitioner had adequate counsel, a fair and complete hearing in which defendant chose to defend upon the basis of denial of the commission of the crime and to rely upon an alibi that he was at another and different place at the time of the commission of the crime. Petitioner now attempts to contradict the record with a bald assertion of continuous insanity without an iota of fact, either, in the record or outside of the record, in support of his allegation.

It is not within the spirit or intention of Title 28 U.S.C. § 2255 or the opinions of the Supreme Court concerning motions under that section, to require a hearing on a claim of insanity after conviction solely because a defendant asserts that he was and is insane or incompetent.

The motion is hereby denied.