**Glendel D. WHEELER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 17723.**

United States Court of Appeals
Eighth Circuit.

Jan. 12, 1965.

Glendel D. Wheeler, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before JOHNSEN, Chief Judge, and VAN OOSTERHOUT and MEHAFFY, Circuit Judges.

PER CURIAM.

Glendel D. Wheeler, hereinafter called defendant, was indicted, convicted by a jury, and sentenced on June 29, 1962, to eighteen years imprisonment on a bank robbery charge in violation of 18 U.S.C.A. § 2113(a) and (d). His conviction was affirmed upon appeal. Wheeler v. United States, 8 Cir., 317 F.2d 615.

Defendant's present appeal is from an order of the District Court filed May 18, 1964, denying his 28 U.S.C.A. § 2255 motion to vacate judgment and sentence. Defendant appears pro se and was permitted to take this appeal in forma pauperis by the trial court.

The trial court accurately summarizes the scope of defendant's motion as follows:

"The grounds for petitioner's motion is that he was mentally incompetent before, during and after his conviction and sentence. He apparently encompasses in his motion a claim of insanity at the time of the offense, a claim of incompetency to aid in his defense or to stand trial, and incompetency at the time of sentencing."

Defendant, at the time he filed his motion, was serving his sentence in the federal penitentiary at Terre Haute, Indiana. The pertinent allegations of his motion on the insanity issue are:

"In substance this action arises from and is base[d] upon the facts that petitioner was mentally incompetent before, during and after his conviction and sentence was imposed upon him in this court on June 29, 1962, that he did not comprehend the nature and consequences of his acts.

"That he did not intelligently waive any of his constitutional rights; that his mental and moral faculties were and are so perverted and deranged and that he was and is incapable of distinguishing between right and wrong.

"That his will and the governing powers of his mind were so completely deranged that his actions were and are beyond his control.

"That his mind was and is so deranged that he could not adhere to right and refrain from doing wrong.

"Petitioners mental defects were and are so completely deranged that he was unable to have assisted in his defense of the alleged violation of section 2113(A) and (D) of title 18, United States Code.

"In any event he does not know nor remember wheather [sic] or not he violated any laws or perpetrated any crime against the sovereign United States."

The trial court denied the motion without granting a hearing, stating inter alia:

"The mere allegation of insanity or incompetency on a motion for vacation of sentence is insufficient to require a hearing. The record reflects a trial in which petitioner had adequate counsel, a fair and complete hearing in which defendant chose to defend upon the basis of denial of the commission of the crime and to rely upon an alibi that he was at another and different place at the time of the commission of the crime. Petitioner now attempts to contradict the record with a bald assertion of continuous insanity without an iota of fact, either in the record or outside of the record, in support of his allegation."

██ The trial court committed no error in denying the motion. The issue of insanity at the time of commission of the offense cannot be raised or considered in a § 2255 motion. Burrow v. United States, 8 Cir., 301 F.2d 442, 443; Taylor v. United States, 8 Cir., 282 F.2d 16, 21.

█ The mental competency of a convicted defendant at the time of his trial can be raised by a § 2255 motion where the issue of sanity has not been raised and determined at the trial resulting in his conviction. Taylor v. United States, supra; Simmons v. United States, 8 Cir., 253 F.2d 909, 912.

In Hayes v. United States, 8 Cir., 305 F.2d 540, 543, we held:

"Where a prisoner files a motion under § 2255 to vacate his sentence on the ground of mental incompetency at the trial, the court undoubtedly has the right to require him to set forth a sufficient basis of background, incidents, or other elements to give indication of the possibility of such a question. Prisoners, of course, are not entitled and need not be permitted, after their conviction, to make bald charges of mental incompetency to stand trial, for the purpose simply of obtaining an excursion from the penitentiary. * * * "

In Burrow, p. 443 of 301 F.2d, we said, "[I]t is not conceivable to us that a mere self-serving general proclamation, declaration or conclusion of a prisoner that his sentence is void because of mental illness or because he has been a drug addict will entitle him to a sanity hearing under § 2255." To like effect, see Hartman v. United States, 6 Cir., 310 F.2d 447; Santos v. United States, 1 Cir., 305 F.2d 372, 373.

We fully agree with the trial court's determination that defendant's motion consists entirely of bald conclusions on the sanity issue. No background facts in support of the conclusions by way of pleading or affidavit are set out. Additionally, we note that Judge Regan who heard the motion also presided at defendant's trial which lasted some five days. Defendant at his trial was represented by counsel of his own choosing. No mention was made at the trial of any mental difficulty on the part of the defendant. In its memorandum opinion, the court observes that nothing developed at the trial to cast any doubt upon the defendant's competency. We find nothing in the extensive transcript of the trial resulting in defendant's conviction which lends any support to defendant's present contention that he was not competent to stand trial.

The order denying defendant's § 2255 motion is affirmed.