**Richard Arlan RICHARDS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 17887.**

United States Court of Appeals Eighth Circuit.

March 31, 1965.

Richard A. Richards, pro se.

Richard D. FitzGibbon, Jr., U. S. Atty., St. Louis, Mo., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before VAN OOSTERHOUT and MATTHES, Circuit Judges, and YOUNG, District Judge.

PER CURIAM.

This is an appeal by Richard A. Richards, hereinafter called defendant, from final order entered September 4, 1964, denying his 28 U.S.C.A. § 2255 motion filed June 29, 1964, and his supplement to such motion filed July 27, 1964. We will briefly summarize the history of this litigation in order to bring the present preceedings into proper perspective.

Defendant on May 31, 1960, represented by counsel, waived indictment and entered a voluntary plea of guilty to an information charging him with a violation of the Dyer Act, 18 U.S.C.A. § 2312, committed on May 11, 1960. Defendant's plea of guilty was accepted, he was adjudged guilty as charged, and committed to the custody of the Attorney General under the Youth Correction Act, 18 U.S.C.A. § 5010(b), until discharged as provided by said Act. On May 28, 1964, an order was entered after hearing sustaining defendant's prior § 2255 motion to vacate sentence imposed on May 31, 1960, and vacating the plea of guilty and reinstating the information. The basis of the motion was that defendant had not been informed as to the extent of sentence imposed under the Youth Correction Act and his contention that he would be required to serve longer under the sentence imposed than under a sentence for the crime for which he stood convicted.

Upon reinstatement of the information, defendant on May 28, 1964, appeared in person and by court appointed counsel for arraignment. His rights were fully explained to him by the court. He waived indictment and entered a voluntary plea of guilty which was accepted, and he was convicted and sentenced to serve one year's imprisonment.

The issues raised by defendant in his motion as supplemented are:

1. Defendant was placed in double jeopardy by the reinstatement of the charge after the prior conviction and sentence was vacated upon his motion.

2. Defendant was mentally incompetent at the time of the commission of the offense and was incompetent to stand trial.

The double jeopardy point is clearly without merit. We agree with and adopt the trial court's disposition of this issue, thus stated:

"His first contention is that he was placed in double jeopardy by the May 28, 1964, proceeding. It is clear that where a sentence is vacated pursuant to said Section 2255 as in the case at bar, such vacation of sentence does not deprive the Court of power to impose another sentence. Brown v. U. S. [5 Cir.], 204 F.2d 298, certiorari denied 346 U.S. 925 [74 S.Ct. 314, 98 L.Ed. 418]. Nor can a claim of double jeopardy be raised under Section 2255. Boisen v. U. S. [D.C.], 181 F.Supp. 349."

Section 2255 by its terms provides that if the court vacates a sentence it "shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."

We now reach consideration of the incompetency issue. It is well established that the issue of defendant's mental competency at the time of the commission of the offense cannot be raised or considered in a § 2255 motion. Wheeler v. United States, 8 Cir., 340 F.2d 119, 121; Taylor v. United States, 8 Cir., 282 F.2d 16, 21.

The issue of mental competency to stand trial can be raised in a § 2255 motion where such issue has not been raised or determined in the trial resulting in conviction. Wheeler v. United States, supra; Taylor v. United States, supra; Simmons v. United States, 8 Cir., 253 F.2d 909, 912.

The sentence the defendant is serving is the one imposed upon his plea of guilty entered on May 28, 1964. With respect to his competency at such time, the trial court states, "the transcript of the proceedings before this Court on May 28, 1964, clearly reveal that

the petitioner was competent for the purpose of pleading guilty and sentencing and to aid in his own defense." Such statement is fully supported by the record made at the time of sentencing. The court, prior to accepting the plea, questioned both the defendant and his appointed counsel at length with respect to defendant's competency and ability to assist in his defense and was assured by each that the defendant was competent. The court had a full opportunity to observe the defendant at that time and also in connection with the hearing on the motion to vacate the prior sentence held the same day.

Defendant does not claim otherwise. In his notice of appeal in the present case dated October 7, 1964, defendant states that he was mentally incompetent up to one and one-half years ago. In his brief, defendant states, "petitioner was not trying to determine his competency at the time indicated [28-May-1964], he was trying to stress the point that the petitioner should not have been sentenced in the first place, * * *"

Defendant's insanity contention is based upon a claim that he received psychiatric treatment, including electric shock treatments, at the Deaconess Hospital in St. Louis in November or December 1959. With respect to this, the trial court states:

"The Court reviewed the reports of Deaconess Hospital which report reveals that the petitioner had been discharged from the hospital sometime prior to the commission of the offense charged and that report does not reveal that the petitioner was insane at the time of the discharge; therefore, the Court concludes that he was still sane at the time of the commission of the offense charged and at all times he appeared before the Court."

Moreover, a bald conclusion of insanity will not entitle the party to a hearing upon such issue. Wheeler v. United States, supra; Hayes v. United States, 8 Cir., 305 F.2d 540, 543; Burrow v. United States, 8 Cir., 301 F.2d 442, 443. The trial court properly denied a hearing upon the sanity issue.

Defendant raises a number of other issues upon appeal including claims that he did not receive credit for good time served; that the Government can't prove that he is guilty; that his counsel improperly advised him to plead guilty; and that prejudicial statements were obtained from him before counsel was appointed for him. We reiterate that the defendant voluntarily entered a plea of guilty and thereby admitted essential elements of the crime charged. Johnston v. United States, 8 Cir., 254 F.2d 239, 241.

While it would appear that the new issues defendant is attempting to raise for the first time upon appeal lack merit, the short answer to such contentions is that errors not raised in the trial court cannot be considered upon appeal. Holt v. United States, 8 Cir., 303 F.2d 791, 794.

The order denying defendant's motion and supplemental motion is affirmed.