**Vincent Charles GUNVILLE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18887.**

United States Court of Appeals Eighth Circuit.

Dec. 4, 1967.

Vincent Charles Gunville, pro se.

John O. Garaas, U. S. Atty. for District of North Dakota, Fargo, N. D., for appellee.

Before VOGEL, Chief Judge, and GIBSON and LAY, Circuit Judges.

PER CURIAM.

On November 8, 1965, Vincent Charles Gunville, through his counsel, entered a formal plea of guilty in the United States District Court for the District of North Dakota, Northeastern Division, to count one of a two-count indictment which was returned by the grand jury on September 13, 1963. The indictment charged appellant with the crimes of rape (count one) and incest (count two), violations of 18 U.S.C.A. § 1153. He was sentenced by the court on November 9, 1965, to serve ten years in prison. No appeal was taken from this judgment and sentence. On March 26, 1967, Gunville filed with the sentencing court a motion pursuant to 28 U.S.C.A. § 2255 requesting that his sentence be vacated. His motion was denied in a memorandum and order issued on April 28, 1967. Gunville filed a notice

of appeal from that order on May 8, 1967. On that date the sentencing court entered an order permitting Gunville to proceed with his appeal in forma pauperis.

The points raised by Gunville in this appeal are: (1) The charge against him was not by an indictment; (2) the court had no jurisdiction because the elements of the crime were not set forth in the indictment; (3) the sentence was excessive; and (4) the dismissal of one count in a two-count indictment invalidated the indictment.

■ A review of the record in this case indicates clearly that appellant was properly charged. The charge was brought on a properly drawn grand jury indictment and was not based on an United States Attorney's information, as appellant contends. Furthermore, contrary to appellant's contention, the indictment was signed by the foreman of the grand jury.

It is also apparent that the elements of the crimes were set forth in the indictment.

Count one of the indictment read:

"That on or about the 8th day of June, 1962, near Dunseith, North Dakota, in Indian country, within the exterior boundaries of the Turtle Mountain Indian Reservation, and within the exclusive jurisdiction of the United States of America, the above-named Defendant, VINCENT CHARLES GUNVILLE, a male Indian of the age of 37 years, did forcibly overcome the resistance of one Barbara Gunville, a female Indian of the age of 13 years, and did have sexual intercourse with the said Barbara Gunville, and she, the said Barbara Gunville, was not the wife of the said Vincent Charles Gunville."

Count two of the indictment charged that the appellant knowingly had the act of sexual intercourse referred to in count one with his daughter, a person "related to him within a degree of consanguinity within which marriages by the laws [of the State of North Dakota] are declared incestuous and void." See, N.D.C.C. § 12–22–06 and § 14–03–03.

18 U.S.C.A. § 1153, relating to offenses committed within Indian country, provides:

"Any Indian who commits against the person * * * of another Indian * * * any of the following offenses, namely, * * * rape, incest * * * within the Indian country, shall be subject to the same laws and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

"As used in this section, the offense of rape shall be defined in accordance with the laws of the State in which the offense was committed, and any Indian who commits the offense of rape upon any female Indian within the Indian country, shall be imprisoned at the discretion of the court."

It is clear from the section just quoted that the crime of rape is defined according to state law. The North Dakota statute (N.D.C.C. § 12–30–01) defines rape as " * * * an act of sexual intercourse, accomplished with a female, not the wife of the perpetrator, under any of the following circumstances"; in separate subdivisions seven circumstances are then set out in the statute, two being:

"3. When she resists, but her resistance is overcome by force or violence;

"4. When she is prevented from resisting by threats of immediate and great bodily harm, accompanied by apparent power of execution;".

■ Appellant's contention that the sentence imposed was excessive relates to his contention that he was charged by information rather than indictment. He contends that crimes subject to sentence of more than one year cannot be brought by information. As seen from our discussion of appellant's first contention, he was charged by indictment and not by an information and thus the ten-year sen-

tence imposed by the court was clearly within 18 U.S.C.A. § 1153, which allows sentence of up to life for the crime to which appellant pleaded guilty.

Count two of the indictment was dismissed when appellant moved the court, through his attorney, to change his plea of not guilty to the offense of rape, as charged in count one of the indictment, to guilty. This occurred after the time for trial had been set, the jury selected, and after the victim, appellant's daughter, had testified as a government witness to the events which formed the basis for the two-count indictment. The court granted the motion after it was convinced that Gunville understood the statutory law to which he was pleading guilty as well as the punishment for that crime.

Appellant now contends that the resulting dismissal of the second count invalidated the indictment. This contention is without merit. A guilty plea waives any defect in the form of the allegations and any defects which are not jurisdictional. United States ex rel. Glenn v. McMann, 2 Cir., 1965, 349 F.2d 1018; Weir v. United States, 7 Cir., 1937, 92 F.2d 634. The dismissal of the second count of the indictment was the result of an order induced by appellant when he pleaded guilty to count one and "he is now estopped to claim that jurisdiction was lost by an order induced by him, * * *." Ralston v. Cox, 5 Cir., 1941, 123 F.2d 196.

Additionally, we would point out, as the government did in its brief, that historically each count of a multi-count indictment is treated as a separate, independent and distinct criminal charge. The dismissal of one or more of such counts has no effect upon the remaining counts. For many years it has been customary for defendants charged in a multi-count indictment to plead to one or more of the counts and have the court dismiss the remaining count or counts. McClintock v. United States, 10 Cir., 1932, 60 F.2d 839. Cf., Salinger v. United States, 1926, 272 U.S. 542, 47 S.Ct.

173, 71 L.Ed. 398; Gainey v. United States, 10 Cir., 1963, 318 F.2d 795.

Finding no substance in appellant's contentions, the judgment of the District Court is affirmed.