**Wilfred Frank PEOPLES, Petitioner,**

v.

**UNITED STATES of America, Warden
J. J. Norton, and John O. Garaas,
U. S. Attorney, Respondents.**

Civ. No. 4376.

United States District Court
D. North Dakota,
Northeastern Division.

July 2, 1968.

### ORDER

RONALD N. DAVIES, District Judge.

On April 25, 1966, the petitioner Wilfred Frank Peoples pleaded guilty to a two-count indictment charging violations of 18 U.S.C.A. § 113 (assault with a dangerous weapon) and 18 U.S.C.A. § 1153 (rape).

On April 27, 1966, the petitioner was committed to the custody of the Attorney General of the United States for a period of ten years, a general sentence covering both counts of the indictment.

Prior to the imposition of sentence, the following colloquy was had between the Court and petitioner:

"THE COURT: But you are telling this Court that at the time you committed this offense of rape on One Bear, you knew what you were doing, you were not drunk, I mean?

DEFENDANT PEOPLES: No.

THE COURT: What is that?

DEFENDANT PEOPLES: No.

THE COURT: You mean you were not drunk?

DEFENDANT PEOPLES: Well—

THE COURT: (Interrupting) Now, listen, Mr. Peoples, I am not going to sentence you on a plea to a charge of this magnitude if you are going to stand there and tell me you were drunk and did not know what you were doing. I will set aside the plea of guilty and set the case for trial. I do not want you to go to Sandstone and meet some of these jailhouse lawyers and have them say, 'Well, what did you tell the Judge when you were sentenced?' 'I was drunk and didn't know what I was doing,' and I get you back under a Section 2255 or a writ of habeas corpus. Make up your mind. If you want to go to trial, I will let you withdraw your plea of guilty. Don't tell me you were drunk if you were not.

DEFENDANT PEOPLES: No, I wasn't.

THE COURT: You were not drunk?

DEFENDANT PEOPLES: No.

THE COURT: You knew what you were doing?

DEFENDANT PEOPLES: Yes.

THE COURT: You want the pleas to stand?

DEFENDANT PEOPLES: Yes.

THE COURT: Very well. * * *"

There is now before the Court a document styled "U.S.C. 28 1893—Writ of Habeas Corpus, Pursuant 2255" containing the following:

"Comes now the defendant with prayer seeking relief in regards to Indian rights. As a citizen of the United States, the defendant seeks vacation of sentence. The excessive sentence of ten (10) years. At the time of this felony, the Plaintiff was intoxicated and did not know what he was doing. Smith vs. U. S. 1929, Entrapment. A mental defect of intoxication was present. Durham vs. U. S. 1954.

"The United action that the plaintiff has been charged with and asking the Court to give him relief in this matter. The Petitioner was not represented by Counselor."

Apparently the petitioner seeks to have his sentence vacated on the grounds (1) the sentence of ten years was excessive; (2) that he was mentally incompetent at the time the offenses were committed due to intoxication; and (3) entrapment.

■ Title 18 U.S.C.A. § 1153 provides that "* * * any Indian who commits the offense of rape * * * shall be imprisoned at the discretion of the Court." The general sentence of ten years imposed on petitioner was well within the limitations set forth in the statute and cannot be said to be excessive. Gunville v. United States (8th Cir. 1967), 386 F.2d 184.

■ The mental competency of petitioner at the time the offenses were committed cannot be raised or considered in a § 2255 motion. Richards v. United States (8th Cir. 1965), 342 F.2d 962. In any event, the matter was thoroughly gone into prior to the imposition of sentence.

■ The last contention, entrapment, must also be rejected. Entrapment is a defense which must be raised at the trial, and taken up on direct appeal. It is not an issue which can be raised to attack a judgment collaterally under § 2255. Matysek v. United States (9th Cir. 1964), 339 F.2d 389.

Since it affirmatively appears from the motion, files and records in this case that the petitioner is entitled to no relief, a hearing on the allegations contained in the petition is not necessary, and therefore,

It is ordered that the petition of Wilfred Frank Peoples to vacate the sentence imposed upon him on April 27, 1966, be and the same hereby is, denied.