**Glendel D. WHEELER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19256.**

United States Court of Appeals
Eighth Circuit.

Dec. 11, 1968.

William B. Spaun, Hannibal, Mo., filed brief of appellant.

Veryl L. Riddle, U. S. Atty., St. Louis, Mo., and James M. Gordon, Asst. U. S. Atty., filed brief of appellee.

Before VAN OOSTERHOUT, Chief Judge, and MEHAFFY and HEANEY, Circuit Judges.

PER CURIAM.

This is a timely appeal in forma pauperis by Glendel D. Wheeler, hereinafter called defendant, from final order dated February 29, 1968, denying without evidentiary hearing his 28 U.S.C.A. § 2255 motion to vacate illegal sentence.

A brief summary of pertinent background facts is desirable to place this appeal in its proper setting. Defendant was tried by a jury and convicted of the crime of bank robbery aggravated by putting the life of an employee in jeopardy by a dangerous weapon, in violation of 18 U.S.C.A. § 2113(a) and (d). He was sentenced to eighteen years imprisonment on June 29, 1962, which sen-

tence he is presently serving at the Medical Center at Springfield, Missouri. His conviction was affirmed upon appeal. Wheeler v. United States, 8 Cir., 317 F.2d 615.

On May 6, 1964, defendant filed a § 2255 motion wherein he sought relief on the basis of a conclusory statement that he was mentally incompetent before, during and after the trial resulting in his conviction. The trial court, in a memorandum opinion reported at 230 F. Supp. 988, denied the motion upon the ground that there was not an iota of fact either in the record or outside the record to support the bald assertion of mental illness. Judge Regan, who heard the prior motion and the present motion, and who presided at the trial resulting in the conviction which lasted some five days, had a full opportunity to observe the defendant. He convincingly demonstrates in his opinion at 230 F.Supp. 988 that defendant's bald assertion of mental incompetency lacks merit. We affirmed. Wheeler v. United States, 340 F.2d 119.

The material allegations of defendant's present motion are:

"That this petitioner had a complete lapse of memory for a period of five (5) days prior to the commencement of the trial in this Court; which lapse of memory was in the form of amnesia, and lasted throughout the trial, and for sometime thereafter, and that petitioner had no present recollection of past events.

"That as a result of said condition, this petitioner was unable to effectively assist counsel in the defense of said cause, thereby petitioner was denied effective counsel, and was denied due process of law, both as guaranteed by the 5th and 6th Amendments to the Constitution of the United States of America.

"Petitioner further states that he had no control of this condition, was unable to communicate the condition to his attorney, or to the court, at the time of the trial, and for that reason this matter was not previously raised either on appeal or by after trial motion."

The trial court in its order denying the motion states:

"As we noted in ruling the first motion, the record reflects that petitioner had adequate counsel and had a fair and complete hearing in which he raised the defense of an alibi that he was at another and different place at the time the offense was committed. His counsel had been employed months before the trial. Under these circumstances, particularly since the claim was available to petitioner and was probably included within the allegations of his prior motion, the bald assertion of amnesia is insufficient to warrant a hearing on his belated claim of ineffective assistance of counsel."

Defendant asserted the trial court erred in denying him relief without an evidentiary hearing because the files and records do not conclusively show that he was entitled to no relief and because his present claim of amnesia was not considered and adjudicated on his prior motion.

 We are of the view that defendant's present claim of mental incompetency by reason of amnesia is encompassed in the broader claim of mental incompetency made in his prior motion. It is quite true, as defendant asserts, that there is no res judicata bar to the consideration of defendant's present motion. Nevertheless, § 2255 expressly provides that the sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner. The present motion sets forth no new facts or applicable law which in the interest of justice would require a new hearing upon the mental competency issue. Nothing is said in the present motion about the cause of the claimed amnesia. Defendant points to no available testimony, medical or otherwise, to support his claim. It would appear that if defendant in fact was suffering from amnesia at the time of his trial, his competent

employed counsel could not have escaped observing the effects of amnesia at the trial. Defendant's trial counsel has at no time made or supported the amnesia claim. There is nothing in the extensive trial record to support such claim.

Moreover, the presence of some degree of mental illness does not equate with incompetency to stand trial. Butler v. United States, 8 Cir., 384 F.2d 522. As stated in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824, "the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.' "

In our view the motion when fairly read does not assert a lack of mental competency which meets the foregoing test. Some loss of memory of past events, if it exists, has no substantial effect upon the ability of the defendant at his trial to consult with counsel and to have a rational understanding of the proceedings against him.

The order denying defendant's motion is affirmed.