Wilfred Frank PEOPLES, Appellant,

v.

UNITED STATES of America, Warden J. J. Norton and John O. Garaas, United States Attorney, Appellees.

No. 19461.

United States Court of Appeals
Eighth Circuit.

June 11, 1969.

Wilfred Frank Peoples, pro se.

John O. Garaas, U. S. Atty., Fargo, N. D., for appellees.

Before VAN OOSTERHOUT, Chief Judge, and MATTHES and HEANEY, Circuit Judges.

MATTHES, Circuit Judge.

On April 25, 1966, appellant pled guilty to a two-count indictment charging in Count I that he had assaulted Alice One Bear with a dangerous weapon, within the boundaries of Devils Lake Sioux Indian Reservation in violation of 18 U.S.C. § 113(c). Count II alleged appellant had forcibly raped Alice One Bear within the same Indian reservation in violation of 18 U.S.C. § 1153. The court imposed a ten-year general sentence on both counts of the indictment.

On April 19, 1968, appellant filed in the district court a "Writ of Habeas Corpus, Pursuant 2255," which the district

court treated as a motion for relief under 28 U.S.C. § 2255. Essentially, appellant alleged: (1) the sentence of ten years is excessive; (2) at the time of the commission of the offenses he was mentally incompetent due to intoxication, and (3) he was entrapped. On July 2, 1968, Judge Davies denied appellant's motion. 285 F.Supp. 865 This appeal followed.

The most substantial question before us involves the imposition of the ten-year general sentence on both counts. Although appellant does not pointedly challenge the validity of the general sentence, this issue is implicit in his claim that the sentence is excessive.

At the time of appellant's sentencing the maximum punishment prescribed for a violation of § 113(c) was a "fine of not more than $1,000 or imprisonment for not more than five years, or both." [1] Section 1153 provides that any Indian who is convicted of rape committed within the Indian country "shall be imprisoned at the discretion of the court." This court has interpreted this discretionary punishment clause to authorize imprisonment for life. Gunville v. United States, 386 F.2d 184, 185, 186 (8th Cir. 1967). Thus, the ten-year sentence exceeds that permissible for a violation of § 113(c) but is well within that prescribed for the rape offense.

The precise question, then, is whether a general sentence on a multi-count conviction is valid and not excessive where it exceeds the maximum punishment allowable on one count but falls within the aggregrate punishment permitted on all the counts.

Cases are legion recognizing that a single sentence imposed on a conviction of two or more counts for a term within the aggregate punishment allowed on all the counts is not illegal or excessive. United States v. Woykovsky, 297 F.2d 179, 181 (7th Cir. 1961), cert. denied, 369 U.S. 867, 82 S.Ct. 1034, 8 L.Ed.2d 86

(1962); Robles v. United States, 279 F. 2d 401, 407 (9th Cir. 1960), cert. denied, 365 U.S. 836, 81 S.Ct. 750, 5 L.Ed.2d 745 (1961); Davis v. United States, 269 F.2d 357, 363 (6th Cir.), cert. denied, 361 U.S. 919, 80 S.Ct. 256, 4 L.Ed.2d 187 (1959); Call v. United States, 265 F.2d 167, 171 (4th Cir.), cert. denied sub nom. Pearson v. United States, 361 U.S. 815, 80 S.Ct. 54, 4 L.Ed.2d 62 (1959); Hart v. United States, 258 F.2d 559, 560 (4th Cir. 1958). See also Phillips v. United States, 212 F.2d 327, 335 (8th Cir. 1954).[2]

Our consideration of the propriety of assessing a general sentence on multiple counts has led us to conclude,

"[A] general sentence is not required to be tested in relation to all the convicted counts of an indictment but is sustainable on any single count capable of supporting it."
Vautrot v. United States, 144 F.2d 740, 741 (8th Cir. 1944).

More recently, in Isaacs v. United States, 301 F.2d 706, 733 (8th Cir.), cert. denied, 371 U.S. 818, 83 S.Ct. 32, 9 L.Ed.2d 58 (1962), we stated:

"Firmly embedded in federal jurisprudence is the principle that a general sentence on several counts of an indictment will be sustained on appeal if the defendant was properly convicted under any count which is good and which is sufficient in itself to support the judgment and sentence."

*Isaacs* is distinguishable in that the general sentences imposed there did not exceed the allowable maximum penalty on any one count. Here, as noted, the sentence does exceed that permissible on Count I. However, since we find that the conviction here is valid on both counts, *Isaacs* is appropriately applicable and dispositive of the question now before us.

Although the imposition of a general sentence on multicount convictions has

---

1. § 113 was amended in 1966, subsequent to appellant's sentencing, to provide that assault with a dangerous weapon would be defined and punished pursuant to state law.

2. We forego citation of numerous other cases which adhere to the rule.

been repeatedly upheld, it has often been criticized as a loose, undesirable practice definitely to be discouraged. Ray v. United States, 372 F.2d 80, 83 (9th Cir. 1967); Benson v. United States, 332 F.2d 288, 291 (5th Cir. 1964);[3] Johnson v. United States, 276 F.2d 84, 90 (4th Cir. 1960); Granger v. United States, 275 F.2d 127, 128 (5th Cir. 1960); Jackson v. United States, 234 F.2d 605, 606 (6th Cir. 1956); Davis v. United States, supra; McDowell v. Swope, 183 F.2d 856, 858 (9th Cir. 1950); United States v. Karavias, 170 F.2d 968, 971 (7th Cir. 1948); Morrison v. Hunter, 161 F.2d 723, 724 (10th Cir. 1947).

In light of the frequent and continuing criticism of the practice of imposing a general unapportioned sentence which can and has entailed unnecessary difficulties for courts both in direct appeals and in collateral proceedings, we are prone to suggest that the district courts in this Circuit which have pursued this procedure should seriously consider dealing separately with each count.

■ Nevertheless, insofar as this case is concerned, we adhere to the rule that has prevailed and sustain the validity of the general sentence. Since it is abundantly clear from the record that neither of the convictions is subject to any infirmities, the sentence of 10 years, being within the maximum that could have been imposed on Count II, is not excessive.

We observe that the district court in assessing the penalty considered the appellant's previous record. During the sentencing procedure appellant admitted that he had been convicted of the offense of rape in the same court in 1962, that he had been convicted in the same court for grand larceny in 1958 and had been convicted of 17 misdemeanor crimes in the tribal court having jurisdiction over the Indian reservation where appellant resided.

■ Appellant's second contention is that he was mentally incompetent by reason of intoxication at the time he committed the offenses. This court has repeatedly held that the issue of a defendant's competency at time of commission of the crime could not be raised or considered in a § 2255 motion. Bradley v. United States, 347 F.2d 121, 123 (8th Cir. 1965); Richards v. United States, 342 F.2d 962 (8th Cir. 1965); Wheeler v. United States, 340 F.2d 119 (8th Cir. 1965). We have, nevertheless, carefully reviewed and considered the merits of this second contention and find it utterly lacking in substance. The record reveals that the trial court carefully questioned appellant on whether he was intoxicated, and appellant specifically denied that he was and admitted that he consciously committed the offenses.

■ Appellant's final contention is nothing more than a bald statement that he was entrapped. We have considered the entrapment claim and find nothing whatsoever in the record on which the claim could be based.

■■ Furthermore, incompetency and entrapment are generally defenses asserted in a trial. It is settled that a guilty plea, such as appellant freely, understandingly and voluntarily entered in this case, waives all nonjurisdictional defects and defenses and constitutes an admission of guilt. Henderson v. United States, 395 F.2d 209 (5th Cir. 1968); Davis v. United States, 392 F.2d 291 (10th Cir.), cert. denied, 393 U.S. 986, 89 S.Ct. 461, 21 L.Ed.2d 447 (1968); Hughes v. United States, 371 F.2d 694

---

3. In *Benson*, the Fifth Circuit re-examined its previous holdings and adopted the position of remanding unapportioned general sentences for resentencing on each separate count. The court cautioned, however, that the defect of a general sentence is not of the fundamental kind that would affect the conviction. No new or retrial is needed or appropriate. Correct sentencing is the relief available. Apparently, the Fifth Circuit was moved to take the new position because its previous admonitions that practice of imposing general sentences was undesirable were being ignored and the unsatisfactory practice was becoming so frequent that an unnecessary burden was being thrust on the reviewing courts.

**8**

(8th Cir. 1967); United States v. Ptomey, 366 F.2d 759 (3rd Cir. 1966).

We have no difficulty in concluding that the trial court was eminently correct in denying appellant's motion.

Appellant's other contentions, not the subject of his motion, and hence not considered by the district court, are not entitled to consideration on appeal. Pegram v. United States, 361 F.2d 820, 821–822 (8th Cir. 1966); Potter v. United States, 304 F.2d 664, 666 (8th Cir. 1962); Holt v. United States, 303 F.2d 791, 794 (8th Cir. 1962), cert. denied, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132 (1963).

Affirmed.