Glendel Dee **WHEELER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

**No. N 69 C 11.**

United States District Court

E. D. Missouri, N. D.

Sept. 29, 1969.

Glendel Dee Wheeler, pro se.

Daniel Bartlett, Jr., U. S. Atty., James M. Gordon, Asst. U. S. Atty., St. Louis, Mo., for respondent.

## MEMORANDUM OPINION AND ORDER

REGAN, District Judge.

For the third time petitioner seeks under Section 2255, 28 U.S.C., to vacate judgment and sentence. In his first motion, he alleged that he was mentally incompetent before, during and after his trial. We denied this motion without a hearing, there being no support whatever for petitioner's conclusion respecting his alleged mental illness, 230 F.Supp. 988. After the order was affirmed (340 F.2d 119), petitioner filed a second 2255 motion, the material allegations of which related to petitioner's conclusionary claim of mental incompetency prior to, during and after his trial by reason of amnesia. Again we denied the motion. The Court of Appeals affirmed. 404 F.2d 252.

The present motion once again claims that petitioner was mentally incompetent both at the time of the commission of the offense and at the time of the trial. It is alleged that since his confinement in June, 1962, pursuant to his sentence, petitioner has been receiving psychiatric treatment. He has been confined at the Medical Center for Federal Prisoners at Springfield, Missouri, since December, 1963. He alleges that each year thereafter "the staff doctors at the Medical Center have placed a 4245, Title 18 U.S.C. Section 4245 on petitioner and forwarded same to the Attorney General's Office."

2. Of course, the Act can provide no manner of protection for any period after it was declared unconstitutional.

It appears to be his contention that on the basis of this allegation he is now entitled to an evidentiary hearing on his mental competency to stand trial. We do not agree.

Section 4245, 18 U.S.C., provides as follows:

"Whenever the Director of the Bureau of Prisons shall certify that a person convicted of an offense against the United States *has been examined by the board of examiners referred to in title 18, United States Code, section 4241,* and that *there is probable cause to believe that such person was mentally incompetent at the time of his trial,* provided the issue of mental competency was not raised and determined before or during said trial, the Attorney General shall transmit the report of the board of examiners and the certificate of the Director of the Bureau of Prisons to the clerk of the district court wherein the conviction was had. Whereupon the court shall hold a hearing to determine the mental competency of the accused in accordance with the provisions of section 4244 above, and with all the powers therein granted. In such hearing the certificate of the Director of the Bureau of Prisons shall be prima facie evidence of the facts and conclusions certified therein. If the court shall find that the accused was mentally incompetent at the time of his trial, the court shall vacate the judgment of conviction and grant a new trial."

Respondent has submitted an affidavit by the Acting Director of the Bureau of Prisons setting forth the reasons given by the Medical Director of the Bureau in March, 1967, for the conclusion of the Bureau of Prison's staff that a certification under 18 U.S.C. § 4245 was not warranted. The Medical Director pointed out that the data cited by the staff doctors of the Medical Center pertained mainly to the question of petitioner's *present* psychosis as distinguished from his condition some years ago at the time of his trial. The affidavit further stated that petitioner's file was again reviewed on May 10, 1968, and the then Chief Psychiatrist as well as the Chief of Psychology Service were of the opinion that "there was insufficient information in the file to indicate probable incompetency at the time of trial" and that certification was inappropriate.

Petitioner does not dispute the factual statements in the affidavit to the effect that a certificate has not been issued. In addition, there is no claim that the *statutory board of examiners* provided for in Section 4241, as distinguished from the staff doctors of the Medical Center, made an examination of petitioner.

As we noted when ruling petitioner's first motion, not only was he represented at his trial by able counsel experienced in the field of criminal law, but this court itself had ample opportunity to and did observe petitioner during his five day trial as well as on other occasions both prior and subsequent thereto, and had no reason to doubt his mental competency. We were also fully advised of petitioner's personal health history prior to imposition of final sentence. Under the circumstances of this case, it is our opinion that we should not grant petitioner, by means of this Section 2255 proceeding, the hearing which is required by Section 4245 absent the conditions precedent provided for therein. No other ground for the motion is alleged.

Accordingly, it is hereby ordered that no hearing be held and that petitioner's motion to vacate judgment and sentence should be and it is hereby denied.