**John T. McCLAIN, Defendant,**

v.

**UNITED STATES of America,**
**Respondent.**

**Civ. No. 70-2330.**

United States District Court,
C. D. California.

Aug. 3, 1971.

Herbert M. Porter, Los Angeles, Cal., for defendant.

Robert L. Mayer, U. S. Atty., David R. Nissen, Asst. U. S. Atty., Chief, Criminal Division, Eric A. Nobles, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

MEMORANDUM AND ORDER DENYING
MOTION TO VACATE OR
REDUCE SENTENCE (28 U.S.C. § 2255)

HAUK, District Judge.

Defendant was found guilty in a court trial following his plea of not guilty of concealment and transportation of marijuana after illegal importation in violation of 21 U.S.C. § 176a in Case No. 1421–Cr. Upon a finding that a prior conviction was true, Defendant was thereupon sentenced to the statutory minimum of ten years. This conviction was affirmed on appeal in McClain v. United States, 417 F.2d 489 (9th Cir. 1969).

Defendant has now filed, pursuant to 28 U.S.C. § 2255, a Motion to Vacate or Reduce Sentence in which he raises the following contentions:

(1) His conviction was a denial of due process of law because his counsel failed to adequately represent him.

(2) His right to be presumed innocent was denied by the Court's expressed beliefs.

(3) The evidence was insufficient to warrant a finding of guilty.

(4) The Government knowingly presented perjurious testimony.

(5) Defendant was denied his right of confrontation of witnesses because the informer-witnesses misused the interpreter.

(6) Defendant was suffering from a physical disability which rendered him incompetent to defend himself at trial.

(7) Defendant's prior conviction which was used to enhance his punishment was not valid because he was in fact acquitted.

After reviewing the Motion, the Response, the points and authorities submitted by both parties, the Supplemental Response and the Court's own records, the Court is fully advised in the premises and hereby orders that the Motion to Vacate or Reduce Sentence be denied for the following reasons.

*Adequacy of Counsel*

Defendant complains that his counsel was inadequate for several reasons, to wit, alleged failures to investigate and call certain witnesses, to undertake sufficient discovery to present photographic evidence which would have raised a substantial doubt, to raise an issue of a physical disability which affected his competency to stand trial, to raise a defense of lack of consciousness at the time of the offense and to confer adequately with Defendant.

█ Defendant has filed no affidavit regarding these allegations nor any statements whatsoever which would tend to substantiate them and raise them past the level of bare conclusions. It is clear that no factual issues sufficient to require the holding of an evidentiary hearing have been presented by these allegations of incompetency. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

For example, Defendant has nowhere stated to what these witnesses would have testified had they been called, nor has he stated what more discovery would have revealed to his counsel. He has not declared in what manner the photographic evidence would have raised a doubt as to his guilt. He does not even state what pictures should have been taken. Similarly, Defendant's allegation that his counsel failed to adequately confer with him is conclusory; and his statement that this caused him not to realize that the trial was actually in progress taxes credulity. The Court recalls that at the trial Defendant was alert and he took the stand in an effort to deny any knowledge of the importation of marijuana and its arrival into his hands at the bar he was managing.

It is clear that none of these conclusionary allegations, separately or in toto, sufficiently state a factual background to support Defendant's contention that he has been denied due process because of his allegedly inadequate counsel. Brubaker v. Dickson, 310 F.2d 30 (9th Cir. 1962).

### Trial Court's Disbelief in the Presumption of Innocence

█ No motions to disqualify the trial judge were made at trial. Moreover, this allegation, even if it were timely made, is clearly insufficient to cause a judge to recuse himself under 28 U.S.C. § 144. No underlying facts are set forth and, furthermore, the contention itself does not even allege any personal bias. Botts v. United States, 413 F.2d 41 (9th Cir. 1969).

### Sufficiency of the Evidence

█ This issue was raised on appeal where it was decided against Defendant. McClain v. United States, 417 F.2d 489 (9th Cir. 1969). It is well settled that "§ 2255 may not be invoked to relitigate questions which were or should have been raised on a direct appeal from the judgment of conviction. Dodd v. United States, 321 F.2d 240 (9th Cir. 1963); Black v. United States, 269 F.2d 38 (9th Cir. 1959)." United States v. Marchese, 341 F.2d 782, 789 (9th Cir. 1965), cert. denied 382 U.S. 817, 86 S.Ct. 41, 15 L.Ed.2d 64 (1965).

### Perjurious Testimony

█ This contention is insufficient because it is in no way supported by any factual allegations. It is not even stated which Government witness or witnesses allegedly lied on the stand. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).

### Misuse of Interpreter

█ Defendant's allegation again is not specific enough to raise a legitimate issue.

### Physical Disability at Trial

Defendant alleges that he "was at the time of trial not fully competent to defend himself due to physically and psychosomatically induced rapid and dangerous elevation of hyperglycemia arising from diabetes mellitus and interfering physically and emotionally with his thinking processes." Motion, page 3.

██ This is certainly specific and it could in some instances raise an issue of fact which would require an evidentiary hearing for resolution. It is noted at the outset that Defendant does not contend that he was not competent to stand trial, but rather he contends that he was not competent to defend himself. Defendant was not representing himself. He was represented by counsel, not proceeding *pro se*. As stated in Dusky v.

278

United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the "test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him." Defendant in failing to meet this test has not stated a sufficient legal ground that would require vacating his sentence. Nor is any reason given for failing to raise this at the time of trial or on appeal.

Furthermore, we here presided over all of the trial court proceedings in this matter and had the opportunity of observing Defendant carefully on four separate occasions—at arraignment and plea, at two days of trial and at sentencing. At the trial Defendant took the stand and testified at some length on his own behalf. In no instance and at no time did he give any indication at all of any physical difficulties which would have or could have possibly rendered him incompetent in any way. He showed full awareness of what was *going on at all of the proceedings*, including the trial, and this Court is satisfied that he was both competent to stand trial and to aid in his own defense. Necessarily we hold that this contention of physical disability is insufficient to require an evidentiary hearing. Wheeler v. United States, 340 F.2d 119, 121 (8th Cir. 1965).

*Sentence as Second Offender*

■ Defendant alleges that he was acquitted in his 1958 case, No. 26,727, by Judge Thurmond Clarke. An examination of the files in No. 26,727 and the Reporter's Transcript of the Proceedings on May 5, 1958, conclusively shows that Defendant was on that date duly and legally convicted on his plea of guilty of a violation of 26 U.S.C. § 4704(a).

THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Vacate or Reduce Sentence be, and the same is, denied.