Paul Lawrence **BRYANT**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 72–1364.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 20, 1972.

Decided Nov. 3, 1972.

Paul Lawrence Bryant, pro se.

Bethel B. Larey, U. S. Atty., Robert E. Johnson and James A. Gutensohn. Asst. U. S. Attys. Fort Smith, Ark., filed brief for appellee.

Before HEANEY and STEPHEN-SON, Circuit Judges and BOGUE, District Judge.*

PER CURIAM.

Paul Lawrence Bryant appeals from a denial of his 28 U.S.C. Sec. 2255 motion to vacate his 20-year sentence imposed following his conviction for kidnapping (18 U.S.C. Secs. 1201, 875 and 371). His conviction was affirmed on direct appeal. Tasby v. United States, 451 F.2d 394 (CA8 1971), cert. denied, 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 122 (1972).

Bryant contends the District Court erred in not holding a hearing on his claim that the trial judge should have ordered the appellant to be examined prior to trial by a qualified psychiatrist for a determination of mental competency.

■■ Bryant's contention of mental incompetency encompasses both his com-

---

* Sitting by special assignment.

petency at the time of the offense and at trial. The District Court was correct in determining that Bryant was not entitled to a hearing on the allegation regarding his competency at the time of the crime, a matter which cannot be made the basis for a Sec. 2255 motion. Wheeler v. United States, 340 F.2d 119, 121 (CA8 1965) and Taylor v. United States, 282 F.2d 16, 21 (CA8 1960). Competency to stand trial, however, may be raised in a Sec. 2255 motion where the issue of sanity was not raised and determined at the trial resulting in the petitioner's conviction. Butler v. United States, 384 F.2d 522 (CA8 1967) and *Wheeler, supra,* 340 F.2d at 121. The motion, of course, must constitute more than bald charges or self-serving declarations of incompetency and contain factual support as a basis for the claim. Hayes v. United States, 305 F.2d 540, 543 (CA8 1962) and Burrow v. United States, 301 F.2d 442, 443 (CA8 1962).

The sole evidence in the record concerning Bryant's competence consists of a pretrial motion for funds to enable Bryant to be examined by a psychiatrist for a determination of mental competency. Bryant's mother testified that he had a mental problem and that other persons had stated Bryant needed psychiatric treatment. The trial court authorized $250.00 for Bryant to be examined. The examination apparently was never made and the trial court subsequently denied a motion for a continuance made on the ground that Bryant had not yet been examined by a psychiatrist.

With the above constituting the entire record concerning Bryant's claim of mental incompetency at the time of his trial, we cannot agree that the question is conclusively resolved against Bryant by the files and records so as to make a hearing thereon unnecessary. See 28 U.S.C. Sec. 2255. Accordingly, we remand this matter for a hearing on his motion to vacate with respect to Bryant's allegation that he was mentally incompetent at the time of his trial.

Reversed and remanded.