## The UNITED STATES, Appellee,

v.

## Jerry Adam BELVIN, Appellant.

### No. 79–1364.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 10, 1979.

Decided Oct. 18, 1979.

John A. Garvey, McGrath, North, O'Malley & Kratz, Omaha, Neb., for appellant.

Edward G. Warin, U.S. Atty. and Thomas D. Thalken, Asst. U.S. Atty., Omaha, Neb., for appellee.

Before ROSS and STEPHENSON, Circuit Judges, and McMANUS, District Judge.*

PER CURIAM.

Jerry Adam Belvin appeals the district court's denial of his motion to vacate, set aside or correct his sentence. We affirm.

On December 14, 1973, Belvin was charged with kidnapping in violation of 18 U.S.C. § 1201(a), interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312, and use of a stolen firearm by a felon under 18 U.S.C. §§ 922(g) and 924(a) and (c). After being diagnosed at Douglas County Hospital with "convulsive disorder, doubtful and no definite evidence of organic central nervous system disease," Belvin was admitted to the Medical Center for Federal Prisoners in Springfield, Missouri for a determination of mental competency pursuant to 18 U.S.C. § 4244. There the staff concluded that Belvin had a personality problem but was "free of mental disease or defect and we consider him competent to return to court to stand trial." Belvin's attorney, at a hearing on April 10,

---

* The Honorable Edward J. McManus, Chief Judge, United States District Court for the Northern District of Iowa, sitting by designation.

1974, for a change of plea, stated that an examination of Belvin by a psychiatrist and neurologists of his choice revealed that amnesia did not exist.

Belvin pleaded guilty pursuant to a plea bargaining agreement under which the government agreed to move to dismiss Counts II, III and IV, and recommend a maximum sentence of 15 years. At a hearing on April 10, 1974, Belvin responded affirmatively to questions by the district court as to whether he was satisfied with his attorney and understood the charges, ramifications of the penalties, and agreed to the terms of the plea bargain. When asked whether he understood that the court was not bound by the United States Attorney's recommendation of sentencing, Belvin responded in the affirmative.

At the time of sentencing, the following exchange took place:

THE COURT: Well now, do you understand, Mr. Belvin, that I am not bound by any plea bargain? Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: And with that understanding, realizing that I could give you up to life, would you like to withdraw your plea of guilty and enter a plea of not guilty because I am not bound by any plea bargain that has been made?

DEFENDANT: No, I think I will stand on the plea.

THE COURT: Do you want to leave it like it is?

DEFENDANT: Yes, sir.

THE COURT: And you know all the alternatives?

DEFENDANT: Yes, sir.

THE COURT: That are open to you?

DEFENDANT: Yes.

(Transcript of Hearing on May 2, 1974, at pages 10–11.)

Belvin was found guilty on Count I and was sentenced to 25 years imprisonment. He did not appeal his conviction, but on April 28, 1975, filed a motion to vacate his sentence on grounds that he was entitled to an evidentiary hearing at trial to determine his competency. This court affirmed the district court's denial of Belvin's motion, *Belvin v. United States*, 538 F.2d 1335, 1336 (8th Cir. 1976), stating that we found no error in the aforementioned plea proceedings and that "[u]nder the circumstances there is an insufficient showing to raise a bona fide question or reasonable doubt as to petitioner's competence and the trial court was under no obligation to hold an evidentiary hearing."

Belvin contends that his physical and mental condition at and prior to the time his plea was entered rendered him incapable of understanding the discretion of the trial court to reject his plea bargain, thereby negating the voluntariness of his guilty plea. Belvin's present claim of incompetency by reason of epilepsy causing the claimed retrograde amnesia is encompassed in his broader previous claim of mental incompetency.[1] The present motion sets forth no new facts or applicable law which in the interests of justice would require us to reach this issue again.[2] *Sanders v. United States*, 373 U.S. 1, 17, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); *Wheeler v. United States*, 404 F.2d 252, 253–54 (8th Cir. 1968).

Moreover, Belvin's repeated affirmative responses clearly sufficed to express his understanding that the court was not bound by the agreement. *See United States v. Kriz*, 586 F.2d 1178, 1180 n.2 (8th Cir. 1978). We are satisfied that Belvin was apprised of the court's discretion to reject the plea bargain and that he understood the nature of the charge and the

---

1. Indeed, even if Belvin was suffering from retrograde amnesia as he claims, he would not thereby have been precluded from voluntarily, knowingly and understandingly entering his plea. *See, e. g., North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Wheeler v. United States*, 404 F.2d 252, 253–54 (8th Cir. 1968).

2. Section 2255 provides in pertinent part: "The sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner." 28 U.S.C. § 2255.

ramifications of his decision to enter a plea of guilty. The district court used sufficient safeguards before entering Belvin's plea. There was substantial compliance with Rule 11 in this regard.[3] Accordingly, we affirm the denial of the section 2255 motion.

---

**3.** Rule 11(e) of the Federal Rules of Criminal Procedure provides that the government may agree to make a recommendation with the understanding that it is not binding on the court. Before entering the plea, the district court clearly apprised Belvin of this fact.

Since appellant was sentenced on May 2, 1974, prior to the effective date of the 1975 amendments, strict compliance with the 1975 amendments was not necessary. *See, e. g., Howard v. United States,* 580 F.2d 716, 721 (5th Cir. 1978). Prior to the 1975 amendments, Rule 11 required only that the court determine that the plea be made voluntarily and with an understanding of the nature of the charge and the consequences of the plea. These requirements were met. *See also United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979) (holding that a conviction based on a guilty plea is not subject to collateral attack when all that can be shown is a formal violation of Rule 11).