869 F.2d 1489
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven D. CLICK, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-5647.
 United States Court of Appeals, Sixth Circuit.
 Feb. 8, 1989.
 
 Before MERRITT and MILBURN, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the district court's denial of his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Click pleaded guilty to knowingly possessing stolen U.S. Postal money orders in violation of 18 U.S.C. Secs. 500 and 2. He was sentenced to five years imprisonment, fined fifty dollars and ordered to make restitution in the amount of $738.16. In his motion to vacate, petitioner raised the following claims; 1) he is not receiving drug and alcohol treatment at FCI, Ashland, Kentucky; 2) the trial court, knowing his history of drug and alcohol abuse, should have ordered a psychiatric examination to inquire into his competency to enter a guilty plea; and 3) the court should have made a "searching inquiry" into whether he was under the influence of drugs or alcohol at the time of the offense. The magistrate recommended that the motion be overruled finding that none of the claims warranted relief. The district court adopted the magistrate's recommendation over petitioner's timely objections.
 
 
 3
 Upon review, we affirm the district court's judgment. Regarding petitioner's claim that he is not receiving drug and alcohol treatment, we conclude that this claim is not cognizable in a Sec. 2255 proceeding. Petitioner must first exhaust his administrative remedies; he may then present the claim via a petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2241. See Little v. Hopkins, 638 F.2d 953, 954 (6th Cir.1981) (per curiam), Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.1977).
 
 
 4
 The district court also did not err in not ordering a psychiatric examination because there was no reason for the court to question petitioner's competency to enter a guilty plea. The plea transcript indicates that petitioner exhibited no bizarre behavior, and that he answered the court's questions in a lucid and coherent manner. Moreover, petitioner was able to relate the details of his crime, and he admitted that he was not under the influence of drugs during the plea proceeding. Under these circumstances, we conclude that the district court had no reason to order a psychiatric examination. See Williams v. Bordenkircher, 696 F.2d 464, 466 (6th Cir.) cert. denied, 461 U.S. 916 (1983). We also conclude that the question of petitioner's competency at the time of the crime may not serve as a basis to vacate his sentence under Sec. 2255. See Bryant v. United States, 468 F.2d 812, 813 (8th Cir.1972) (per curiam).
 
 
 5
 It is noted that in his appellate brief, petitioner argues that his sentence should be vacated because he received a longer sentence than his codefendants, one of whom accepted primary responsibility for the crime. Although this claim was not initially presented to the district court, we nonetheless conclude that relief is not warranted because the sentence fell within the statutory limits. See United States v. Tucker, 404 U.S. 443, 447 (1972). Moreover, disparate sentencing of codefendants is insufficient to establish a disportionate sentence. See United States v. Fry, 831 F.2d 664, 667 (6th Cir.1987).
 
 
 6
 Lastly, inasmuch as claims two and three peripherally challenge the validity of the guilty plea, we conclude that petitioner knowingly, intelligently and voluntarily entered his plea. See Brady v. United States, 397 U.S. 742, 748 (1970); Boykin v. Alabama, 395 U.S. 238, 242 (1969).
 
 
 7
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.