_____

No. 96-1799
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   District of Nebraska.
David Barrett,                      *
                                    *      [UNPUBLISHED]
          Appellant.                *


_____

          Submitted:   November 29, 1996

             Filed:    December 6, 1996
_____

Before FAGG, WOLLMAN, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     David Barrett challenges the 3-year sentence of probation
imposed by the district court[1] after he pleaded guilty to using a
telephone to facilitate the distribution of methamphetamine, in
violation of 21 U.S.C. § 843(b).  Counsel filed a brief pursuant to
Anders v. California, 386 U.S. 738 (1967), and was granted leave to
withdraw.  This court granted Barrett leave to file a pro se
supplemental brief, which he has not done.  We affirm.


     In his Anders brief, counsel relates that Barrett believes he
was entrapped by a government witness and had the government told
him of the witness's "informant" status, he would not have pleaded
guilty, but would have gone to trial and presented an entrapment
defense.  We conclude Barrett waived any entrapment defense by

_____

     [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

pleading guilty.  See Peoples v. United States, 412 F.2d 5, 7 (8th Cir. 1969); United States v. Riles, 928 F.2d 339, 342 (10th Cir. 1991); United States v. Sarmiento, 786 F.2d 665, 668 (5th Cir. 1986).  Regardless, we do not believe Barrett could have prevailed on such a defense, because the evidence reflects he was predisposed to purchase methamphetamine from, and initiated contact with, the witness.  See United States v. Gullickson, 982 F.2d 1231, 1235 (8th Cir. 1993) (to prove entrapment defense, defendant must show he was not predisposed to commit crime and government induced him to commit crime).

Having carefully reviewed the record, we have found no nonfrivolous issue for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.