No. 44,717

STATE OF KANSAS, *Appellee*, v. JANET LOUISE WEINMAN, *Appellant*.

(440 P. 2d 575)

Opinion filed May 11, 1968.

*Gwinn G. Shell,* of Garnett, argued the cause and was on the brief for the appellant.

*Wayne Loughridge,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in a criminal action from a conviction of second degree burglary and larceny in connection

therewith. The facts giving rise to this action are identical with those in *State v. Cantrell*, 201 Kan. 182, 440 P. 2d 580, and to which reference is made.

The appellant herein, Janet Louise Weinman, specifies various trial errors.

Both the appellant and Cantrell were charged in separate actions with the same offenses committed on the 2nd day of February, 1966. The actions were filed on the 18th day of February, and on the 28th day of February, 1966, the defendants appeared in their respective cases to reduce the bond. At that time they were represented by Orville Cole, an attorney. Bond was reduced from $10,000 to $7,000 for each defendant. On the 7th day of March, 1966, the parties appeared with Mr. Cole who was permitted to withdraw as attorney for the defendants, and arraignment was set for the 14th day of March, 1966. Arraignment was thereafter continued until the 18th day of March, 1966. When the defendants appeared before the court on the 18th day of March for arraignment they were represented by Mr. Elliott, an attorney of their own choosing, and waived the reading of the information and entered a plea of not guilty. The trial was set for 9:30 a. m. on the 9th day of May, 1966.

Apparently arrangements had not been made by the defendants to employ counsel to represent them at their trial. The trial judge after calling Mr. Elliott by telephone a few days before the trial date suggested the possibility of appointing counsel for the defendants so that the trial of the cases could proceed. Therefore, on the day set for trial Mr. Elliott appeared in court with the defendant Cantrell and was appointed to represent him in the trial of the case, and Mr. Earle D. Jones, an attorney of Mission, Kansas, appeared in court with the appellant herein and was appointed to represent her.

At the request of counsel for the respective defendants they were tried together, and the defendants each in turn stated into the record in response to inquiry by the trial judge that they had no objection to being tried at the same time and to the same jury. Thereupon a jury was selected and duly sworn to try the cases.

The jury, after hearing the evidence, returned a verdict of guilty as to the defendant Weinman on each of the charges. The verdict was approved and sentence duly pronounced by the trial court.

The appellant first contends the trial court erred in the admission of statements made by her to an agent of the Kansas Bureau of

Investigation named David E. Johnson without making inquiry as to the voluntary nature of the statements.

The only inquiry concerning the voluntariness of the statements made by the appellant was made in the presence of the jury. Johnson stated that he identified himself to her, "advised her that she would probably be charged with burglary, advised her that she didn't have to make a statement if she didn't care to, any statement that she did make could be used against her in court, and she was entitled to have an attorney if she so desired."

Without any objection whatever by counsel for the appellant, the state's attorney proceeded to inquire of the witness Johnson concerning statements made to him by the appellant. She freely answered the questions he asked. In the course of this inquiry Johnson testified:

"Q. Did she say who was with her?

"A. I asked her what time she and Mr. Cantrell left. I don't believe she said who was with her. I said, 'What time did you and Mr. Cantrell leave Kansas City?'

"Q. What did she say?

"A. Approximately 9:00 or 10:00 o'clock.

"Q. Did she describe their route of travel?

"A. She did. . . . (giving details). . . .

"Q. Did you question her concerning the McCollam Store?

"A. I asked her how come she burglarized that store.

"MR. ELLIOTT: Object to it. . . . Apparently Mr. Cantrell was not present when this conversation took place.

"THE COURT: All right, I think I will overrule the objection. I will instruct the jury that any testimony or any statement made or evidence of any statement made by Miss Weinman in the absence of Mr. Cantrell would not be admissible as to the issues regarding him and would not be binding on him so to speak.

"Q. In answer to your question to her, what was her answer in regard to the McCollam Store?

"A. She stated that she did not break in. When she went in, the door was open.

"Q. Did you ask her any other questions in regard to this store?

"A. I asked her what she carried out.

"Q. Did she answer that question?

"A. She stated she thought the bananas and cigarettes. I asked her why she carried the bananas out, and she said she didn't know except she guessed she was hungry."

The appellant in her brief does not contend the statements made in response to inquiry by Agent Johnson were involuntary, but contends that because she did not have counsel the statements should not have been admitted as statements against interest. It is argued admitting the testimony of Agent Johnson into evidence

gave additional credence to the statements made by the appellant.

We find no merit in such argument. The question which arose in *State v. Milow*, 199 Kan. 576, 433 P. 2d 538, concerning the voluntary nature of a confession is not before the court on the record here presented. Here the trial court was not called upon to make a determination on the voluntariness of the statements. Where no objection is made by counsel for an accused in the trial of a criminal action to the voluntariness of a confession or incriminating statements previously made to law enforcement officials, the voluntariness of the accused's statement is not challenged, and on appeal resulting from a conviction the question cannot be raised for the first time.

Confessions, or admissions, voluntarily made are not inadmissible because made at a time when the accused in a criminal action did not have counsel. (*Powers v. State*, 194 Kan. 820, 402 P. 2d 328; and *State v. Stubbs*, 195 Kan. 396, 407 P. 2d 215.)

Counsel for the appellant cites *Mempa v. Rhay*, 389 U. S. 128, 19 L. Ed. 2d 336, 88 S. Ct. 254; *Escobedo v. Illinois*, 378 U. S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758; and *Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, for the proposition that counsel is required at all stages of a criminal prosecution. In the *Mempa* case the accused was found guilty and paroled. Thereafter the parole was revoked by the trial court and in accordance with the state law of Washington sentence was imposed upon the accused. In the proceeding at which the accused's probation was revoked and sentence imposed he was denied the right to counsel, and the United States Supreme Court held the Sixth Amendment, as applied through the due process clause of the Fourteenth Amendment, required that counsel be afforded to a felony defendant in a post trial proceeding for revocation of his probation and imposition of deferred sentencing. The time of sentencing was said to be a critical stage in a criminal proceeding, and counsel's presence was necessary to insure that the conviction and sentence were not based on misinformation or a misreading of court records. Other reasons were also stated.

In *Escobedo* the accused had retained counsel of his own choosing when police investigation was focused on him, and while in police custody statements were taken from the accused by the police after the denial of the accused's request to consult with his attorney. The United States Supreme Court held the incriminating statements

made by the accused under such circumstances should not have been admitted in evidence.

Apparently the *Miranda* decision is cited for the proposition that the explanation of the appellant's rights to her prior to the taking of incriminating statements from her was insufficient.

The journal entry in the instant case discloses the judgment of conviction was entered on the 9th day of May, 1966. This was prior to the decision in *Miranda.* Whether the restrictions as to "in custody interrogation" announced in *Miranda v. Arizona,* supra, are applicable here need not be determined since the principles there enunciated have only prospective application. (*Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772; and see, *State v. Jenkins,* 197 Kan. 651, 656, 421 P. 2d 33.)

It is readily apparent that none of the foregoing cases upon which the appellant relies has any application to the facts herein.

Second, the appellant specifies that regardless of the ruling on objection and the instruction of the court, the witness Johnson was permitted to testify in such a way as to link the defendants on the pure hearsay testimony of Johnson's recollection of the appellant's statements.

When Agent Johnson was testifying no objection was made by counsel for the appellant. Objection was made by counsel for her accomplice, Cantrell, on the ground that the statements made to Johnson by the appellant were hearsay as to Cantrell because the statement was made out of the presence of Cantrell.

It may be conceded that the statements made by the appellant to Agent Johnson were hearsay, but as to her, she being a party to the action, they were admissions and admissible in evidence as an exception to the hearsay rule. ( K. S. A. 60-460 [g]. ) These hearsay statements would be inadmissible only as to her accomplice, Cantrell, and the jury was so instructed by the trial court.

Third, the appellant specifies as error that the repeated reference to the appellant's record was completely irrelevant to the issues in the case.

Apparently the appellant intends to refer to the criminal record of Cantrell which was mentioned by Agent Johnson several times in the course of his testimony, because nowhere in the record of this case does it appear that the appellant herself had a criminal record, or, if she had one, that reference was made to it.

Objection was made by counsel for Cantrell each time Agent Johnson mentioned the criminal record of Cantrell, and the trial

court sustained the objection, instructing the jury at the time the testimony was given to disregard such testimony. The trial court further gave a specific instruction at the close of the evidence concerning the exclusion of evidence where objections had been sustained by the trial court.

Lastly, the appellant specifies as error that reference to the defendant Cantrell's criminal record prejudiced him and, by implication, prejudiced the appellant who was his companion.

We find no merit in this contention. Here the appellant and her accomplice were each represented by counsel and were tried together at their own request. The trial court fully instructed the jury as to the irrelevant testimony stricken from the record, and it cannot be said the appellant was denied a fair trial in this case.

The judgment of the lower court is affirmed.