No. 45,944

Albert Lonzo Cantrell, *Appellant,* v. State of Kansas, *Appellee.*

(478 P. 2d 192)

Opinion filed December 12, 1970.

*Gwinn G. Shell,* of Garnett, argued the cause and was on the brief for the appellant.

*Wayne Loughridge,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: The appellant, Albert Lonzo Cantrell, and Janet Louise Weinman were charged in separate informations of the crime of burglary and larceny in connection with burglary. Their cases were consolidated at their request and they were tried jointly. They were found guilty; separate appeals were taken to this court, and the convictions were sustained. (*State v. Cantrell,* 201 Kan. 182, 440 P. 2d 580; *State v. Weinman,* 201 Kan. 190, 440 P. 2d 575.)

At the original trial an agent of the Kansas Bureau of Investigation was permitted to testify concerning a statement made to him by Janet Louise Weinman. The testimony was given with limiting instructions to the effect that it was not to be considered as binding on the appellant and would not be admissible as to the issues regarding him.

At the trial both the appellant and Janet Weinman took the witness stand and testified.

The appellant later filed a proceeding under K. S. A. 60-1507 and has appealed to this court from certain adverse rulings.

Appellant first contends that it was error to permit the agent of the Kansas Bureau of Investigation to testify as to the statements made to him by Janet Weinman because it was hearsay as to appellant and tended to implicate him. Appellant cites *Bruton v. United States*, 391 U. S. 123, 20 L. Ed. 2d 476, 88 S. Ct. 1620, and *Roberts v. Russell*, 392 U. S. 293, 20 L. Ed. 2d 1100, 88 S. Ct. 1921 in support of his contention.

The gist of the ruling in the *Bruton* case was to the effect that the admission of a codefendant's confession inculpating the accused violates the accused's right of cross-examination secured by the confrontation clause of the Sixth Amendment to the Constitution of the United States, notwithstanding instruction to the jury that the codefendant's confession must be disregarded in determining the accused's guilt or innocence.

The court further concluded in the *Bruton* case that the major reason underlying the constitutional confrontation rule is to give a defendant charged with crime an opportunity to cross-examine the witnesses against him.

In the *Roberts* case it was held that the rule in the *Bruton* case was made applicable to the states by the Fourteenth Amendment to the Constitution of the United States and that the ruling should be given retroactive application.

Neither the rule nor the reason for the rule has any application to the facts and circumstances presented for review in the instant case. In the case now before us for consideration the codefendant took the witness stand and gave the complaining defendant full opportunity to cross-examine.

It would appear that where the codefendant who made the statement or confession takes the witness stand, an opportunity to cross-examine exists for the other codefendant and the rule as to the right to confrontation is satisfied. (*Rios-Ramirez v. United States*, 403 F. 2d 1016; *Lipscomb v. State*, 5 Md. App. 500, 248 A. 491; *People v. Willis*, 292 N. Y. S. 2d 298.)

Also on this issue the trial court stated:

"The second and most revealing facet is that every statement allegedly made by Weinman to witness Johnson and testified to by him, was in some

form or another testified to by Cantrell in his direct examination and on cross examination. Also defendant Weinman in her direct testimony reiterated substantially what she said to Agent Johnson and to which he testified. When she took the stand, she was fully available to Cantrell for cross examination and impeachment."

The appellant next complains about the mention of his criminal record in his original trial. This matter was a specific issue raised by the appellant on his original appeal. See *State v. Cantrell,* 201 Kan. 182, 440 P. 2d 580, and particularly pages 185 to 188 where the court carefully went over this matter in its opinion and meticulously covered such alleged instance of reference to his record.

The appellant is not entitled to use a proceeding under K. S. A. 60-1507 as a substitute for a second appeal. ( *King v. State,* 200 Kan. 461, 436 P. 2d 855.)

The appellant contends that the trial court erred in not permitting appellant to testify in the present proceedings because a transcript of the motion for new trial was not furnished his appointed counsel in the original appeal. There is no showing that a copy of the transcript of the hearing on the motion for new trial was requested. However, it was available to counsel in the present proceeding and was considered by the trial court. The trial court concluded:

"Taking the questions up in the reverse order, nothing was offered by way of explanation or otherwise as to this alleged error. A complete transcript of all proceedings at the trial of movant was apparently furnished to him. Whatever such additional transcript might have shown, he did not request it, or at least the omission to furnish him such was not among the specifications of errors in his appeal to the Supreme Court of Kansas. State v. Cantrell, 201 Kan. 182. This question is deemed abondoned since there was no evidence or argument addressed by movant to such question."

A proceeding under K. S. A. 60-1507 cannot be used for the purpose of reviewing trial errors which might have been reviewed in the original appeal.

The judgment is affirmed.

APPROVED BY THE COURT.