**Thomas D. BUTLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18755.**

United States Court of Appeals
Eighth Circuit.

Nov. 8, 1967.

J. Whitfield Moody, Executive Director, Legal Aid and Defender Society, Kansas City, Mo., for appellant.

Anthony P. Nugent, Jr., Asst. U. S. Atty., for appellee; F. Russell Millin, U. S. Atty., on the brief.

Before VAN OOSTERHOUT, GIBSON and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is a timely appeal by Thomas D. Butler, hereinafter referred to as defendant, from final order filed February 6,

1967, denying his 28 U.S.C.A. § 2255 motion to vacate sentence imposed upon him on January 14, 1966, on his plea of guilty to Count I of an indictment charging him with violation of 18 U.S.C.A. § 2312 (Dyer Act).

Defendant in his motion, as interpreted by the trial court, raised ten issues. He was represented by court-appointed counsel in the trial court and here. He was granted an evidentiary hearing at which he was present and he was afforded a full opportunity to offer any evidence he chose in support of the issues he raised or any issue he cared to raise bearing upon the legality of his sentence and conviction.

The court at the conclusion of the hearing made findings of fact and based thereon determined defendant had failed to establish any of his challenges to the validity of his conviction, sentence and confinement, and denied the motion.

Defendant bases this appeal solely upon errors thus asserted:

"I. The evidence adduced at the hearing established a reasonable degree of probability that the appellant was not mentally competent to knowingly, freely and voluntarily enter a plea of guilty to a criminal charge, and the Court's finding of facts were clearly erroneous under all of the evidence."

"II. The evidence reflects substantial doubt that the guilty plea of the appellant was voluntarily made."

■ Defendant's competency to stand trial was not raised in the proceedings resulting in his conviction. Under such circumstances, it is well-established that his mental competency at the time of his conviction and sentence may be raised and considered in a § 2255 proceeding. Wheeler v. United States, 8 Cir., 340 F.2d 119; Simmons v. United States, 8 Cir., 253 F.2d 909. The presence of some degree of mental illness does not equate with incompetency to stand trial. Baker v. United States, 8 Cir., 334 F.2d 444; Feguer v. United States, 8 Cir., 302 F.2d 214, 236. The test to be used in determining whether a defendant had suffi-cient mental capacity to stand trial is thus stated in Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824:

"We also agree with the suggestion of the Solicitor General that it is not enough for the district judge to find that 'the defendant [is] oriented to time and place and [has] some recollection of events,' but that the 'test must be whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'"

See Clayton v. United States, 8 Cir., 302 F.2d 30, 35; Feguer v. United States, supra. Such was the standard applied by the trial court in this case.

■ The issue of defendant's mental competency to stand trial and his competency to enter a voluntary plea of guilty are issues of fact. The clearly erroneous standard applies to appellate review of the trial court's resolution of such factual issues. Clayton v. United States, supra; Feguer v. United States, supra; Taylor v. United States, 8 Cir., 308 F.2d 776.

■ We have carefully examined the entire record. The trial court's detailed findings, dictated into the record, adequately demonstrate that full and fair consideration has been given to all issues raised by the defendant. Such findings are supported by substantial evidence.

The problem of determining mental competency of a person at a prior period usually is a difficult one. Defendant relies upon his own testimony that he, by reason of mental disease, did not understand what was going on at the time of his plea and sentence. Opposed to this is the testimony of three attorneys who represented defendant at various times, including Mr. Frager who represented defendant at the time of his conviction. The substance of such testimony is that the attorneys had no difficulty in communicating with the defendant and ascertaining the facts and that the defendant was fully advised of his rights and understood them.

Moreover, defendant's contention that he entered the plea of guilty on the basis of his understanding that his attorney had made a deal for a light sentence is inconsistent with defendant's position that he did not understand what was happening.

An FBI agent, who had obtained an admission from the defendant that he had broken into and stolen the car in controversy and had driven it from Arkansas to Missouri, and who had again interviewed the defendant after his conviction, testified that the defendant had no difficulty in recalling the pertinent facts and that he was even able to describe the route which he took in transporting the car. Defendant as a witness conceded that the facts related by the agent were substantially correct although he disputed the agent's statement that the defendant had been advised as to his constitutional rights before he made the statement.

After defendant had entered his plea of guilty to Count I of the indictment, Count II was dismissed. A sentence of four years imprisonment was imposed which is less than the five year maximum permitted by statute. Substantial evidence supports the view that the plea was discussed thoroughly by defendant and his wife with attorney Frager and was also discussed by Mr. Frager and Mrs. Butler with Mr. Simon, an attorney previously employed but then incapacitated by illness.

The testimony of Dr. Robinson, a qualified psychiatrist appointed to examine defendant at his request, lends some support to defendant's contention of mental incompetency. Such mental determination was made some ten months after the date of the guilty plea, after two office interviews. Dr. Robinson conceded his opinion was based largely upon what the defendant told him and he modified his view somewhat on cross examination after certain court proceedings which took place prior to the plea of guilty were read to him.

Defendant received extensive mental examinations by the psychiatric staff at the Medical Center at Springfield, Missouri, to which he was committed for examination, and he was also examined by the chief psychiatrist and his staff at Leavenworth commencing immediately after the imposition of sentence, and the view of all the psychiatrists was that the defendant was probably competent to stand trial on January 14, 1966, the date of his conviction. They further testified that defendant was manipulative, that is, that he was faking and that he had a selective memory, remembering only things which he wanted to remember. Defendant had slashed his throat shortly before entering his plea. He told a prison doctor that he had cut his throat superficially to gain attention and to get some court action.

Judge Hunter, who heard this proceeding, was also the sentencing judge. In his findings, he stated that he took particular note of the defendant at the sentencing proceedings because of his bandaged slashed throat. He stated:

"I asked him a number of questions personally, as have been read in the record and as the transcript of that occasion shows, and I didn't observe anything in his demeanor or in his answers that he gave that would lead me to have any question in my mind about his competency to fully understand everything that was going on and to properly confer and advise with his counsel and to understand the plea that he was making and to fully participate in the proceedings as he did. He appeared to me to be reasonably alert, certainly could understand the questions that I asked, and his answers were responsive and clear."

What has heretofore been said with respect to defendant's mental competency to stand trial applies equally to his competency to knowingly and intelligently enter a plea of guilty. Additionally, some contention is made that a subpoena for defendant's wife to appear before the grand jury to testify on a related matter had some coercive effect on the defendant which constituted an inducement to plead guilty to free her. The record shows that

there was some discussion of such grand jury subpoena between defendant and his wife and Mr. Frager. Mr. Frager's testimony is that he was representing the wife on the subpoena matter and that he told defendant that the plea and the subpoena had no connection with each other and that the plea would make no difference on the subpoena problem. The evidence falls far short of establishing that the defendant's plea was coerced by any alleged deal for a light sentence or by any agreement to drop the subpoena of the wife, or any coercion of any type whatever. There is no substantial evidentiary support that any kind of a deal was made between defendant's attorney and the Government or that any representation was made by anyone to the defendant that there was any deal.

The trial court's findings and conclusion that the defendant failed to establish any basis for § 2255 relief are supported by substantial evidence and are not clearly erroneous.

The judgment is affirmed.