856 F.2d 187
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Petitioner-Appellee,
v.
Celestino RODRIGUEZ-DELGADO, Defendant-Appellant.
 No. 88-6508.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 20, 1988.
Decided Aug. 23, 1988.
 
 William E. Martin, Edwin C. Walker, Federal Public Defender's Office, for appellant.
 Margaret Person Currin, Thomas P. Swain, Office of U.S. Attorney, for appellee.
 Before K.K. HALL, ERVIN, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Celestino Rodriguez-Delgado appeals from the district court's decision to commit him to a suitable mental health facility for treatment pursuant to 18 U.S.C. Sec. 4245(a).[1] He is currently serving a four year sentence for the illegal importation of aliens. Rodriquez-Delgado argues that the evidence presented at his commitment hearing was insufficient to warrant his commitment to a mental health facility. Pursuant to 18 U.S.C. Sec. 4245(d) a court must utilize the preponderance of the evidence standard when considering commitment of a prisoner.[2]
 
 
 2
 On September 30, 1987 the government filed a motion to determine the present mental condition of Rodriquez-Delgado. A hearing was convened in accordance with 18 U.S.C. Sec. 4245(c). During the hearing, a psychiatrist employed at the Federal Correctional Institution at Butner, North Carolina (FCI Butner), testified that Rodriquez-Delgado suffered from paranoid schizophrenia and organic brain damage. He based his opinion upon a review of medical records and a thirty-five minute interview conducted with the aid of a Spanish-speaking interpreter.
 
 
 3
 Prior to the hearing, the court appointed an independent psychiatrist for Rodriquez-Delgado. However, Rodriquez-Delgado refused to be interviewed by his appointed psychiatrist. Based upon a review of medical records and brief observation, the appointed psychiatrist submitted a written recommendation that Rodriguez-Delgado be treated for mental disease.
 
 
 4
 A psychologist employed by FCI Butner interviewed Rodriguez-Delgado with the help of a Spanish-speaking psychiatrist. The written report submitted by the psychologist stated that Rodriguez-Delgado was suffering from a mental disease requiring treatment in a suitable facility. Rodriguez-Delgado did not testify.
 
 
 5
 The government, citing the case of Ente Nazionale Per L' Enerqia Electrica v. Baliwag Navigation, Inc., 774 F.2d 648, 653-54 (4th Cir.1985) and Fed.R.Civ.P. 52(a), suggests that this Court review this appeal under a clearly erroneous standard.[3]
 
 
 6
 A review of the record reveals no error in the commitment order. The district court's decision is not clearly erroneous, United States v. Aponte, 591 F.2d 1247, 1249 (9th Cir.1978); Butler v. United States, 384 F.2d 522, 523 (8th Cir.1967), cert. denied, 391 U.S. 952 (1968), nor is it clearly arbitrary or unwarranted. Hall v. United States, 410 F.2d 653, 658 (4th Cir.1969), cert. denied, 396 U.S. 970 (1969); United States v. Voice, 627 F.2d 138, 141 (8th Cir.1980).
 
 
 7
 Hence, we affirm the judgment below. We dispense with oral argument because the materials before the Court indicate that oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 18 U.S.C. Sec. 4245(a) provides:
 If a person serving a sentence of imprisonment objects either in writing or through his attorney to being transferred to a suitable facility for care or treatment, an attorney for the Government, at the request of the director of the facility in which the person is imprisoned, may file a motion with the court for the district in which the facility is located for a hearing on the present mental condition of the person. The court shall grant the motion if there is reasonable cause to believe that the person may presently be suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility. A motion filed under this subsection shall stay the transfer of the person pending completion of procedures contained in this section.
 
 
 [2]
 18 U.S.C. Sec. 4245(d) states:
 If, after the hearing, the court finds by a preponderance of the evidence that the person is presently suffering from a mental disease or defect for the treatment of which he is in need of custody for care or treatment in a suitable facility, the court shall commit the person to the custody of the Attorney General. The Attorney General shall hospitalize the person for treatment in a suitable facility until he is no longer in need of such custody for care or treatment or until the expiration of the sentence of imprisonment, whichever occurs earlier.
 
 
 [3]
 In an analogous legal context involving 18 U.S.C. Sec. 4244, this Court has applied a "clearly arbitrary and unwarranted" standard of review. Hall v. United States, 410 F.2d 653, 658 (4th Cir.1969), cert. denied, 396 U.S. 970 (1969)