866 F.2d 1416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony THREATT, Defendant-Appellant.
 No. 87-6142.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 21, 1988.
Decided: Jan. 31, 1989.
 
 Edwin Chrisco Walker, Assistant Federal Public Defender, William E. Martin, Federal Public Defender, for appellant.
 Margaret Person Currin, United States Attorney, Thomas P. Swain, Assistant United States Attorney, for appellee.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Anthony Threatt appeals from the district court's decision to continue his commitment to a health facility for treatment pursuant to 18 U.S.C. Sec. 4246(a).[1] He argues that the evidence presented at his commitment hearing was insufficient to warrant his continued commitment. We affirm.
 
 
 2
 Threatt was admitted to the Federal Correctional Institution, Butner, North Carolina after he was found not guilty by reason of insanity of the charge of threatening to kill President Reagan. On September 3, 1987, the warden at FCI Butner filed a "Certificate of Mental Disease or Defect and Dangerousness." A hearing was convened in accordance with 18 U.S.C. Sec. 4246(c). During the hearing, a psychiatrist employed at FCI Butner testified that Threatt is a paranoid schizophrenic with grandiose delusions and auditory hallucinations. Further, she said he was a danger to himself and others. Moreover, she testified that Threatt had threatened to kill the President, believes the President is the Antichrist, said he would kill his mother, has suicidal ideations, has a history of assault on police officers, and needs a controlled environment.
 
 
 3
 Threatt's own psychiatrist testified that Threatt is a chronic schizophrenic whose condition will deteriorate outside a controlled environment.
 
 
 4
 Threatt testified that he has a slight mental problem. But, despite his history of refusing treatment, he would take his medication and live with his mother or grandparents if released. He also denied being violent, and stated that he only joked about killing his mother and never intended to kill the President.
 
 
 5
 Threatt's forensic evaluation reveals a long history of mental problems and hospitalization due to them. He was discharged from the Air Force after one year as unsuitable for service.
 
 II
 
 6
 Pursuant to 18 U.S.C. Sec. 4246(d) a district court must utilize a clear and convincing evidence standard in determining whether commitment is warranted.[2] The district court's determination will not be "set aside on review unless clearly arbitrary or unwarranted." Hall v. United States, 410 F.2d 653, 658 (4th Cir.), cert. denied, 396 U.S. 970 (1969) (reviewing commitment under 18 U.S.C. Sec. 4244). See also United States v. Aponte, 591 F.2d 1247, 1249 (9th Cir.1978); Butler v. United States, 384 F.2d 522, 523 (8th Cir.1967), cert. denied, 391 U.S. 952 (1968).
 
 
 7
 The record in this case supports, by clear and convincing evidence, the district judge's conclusion that Threatt is suffering from a mental disease or defect that would cause him to create a substantial risk of injury to person or property if released. The district court did not act arbitrarily in ordering commitment.
 
 
 8
 Hence, we affirm the judgment below. We dispense with oral argument because the materials before the Court indicate that oral argument would not significantly aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Section 4246(a), Title 18 U.S.C., provides:
 If the director of a facility in which a person is hospitalized certifies that a person whose sentence is about to expire, or who has been committed to the custody of the Attorney General pursuant to section 4241(d), or against whom all criminal charges have been dismissed solely for reasons related to the mental condition of the person, is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available, he shall transmit the certificate to the clerk of the court for the district in which the person is confined. The clerk shall send a copy of the certificate to the person, and to the attorney for the Government, and, if the person was committed pursuant to section 4241(d), to the clerk of the court that ordered the commitment. The court shall order a hearing to determine whether the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another. A certificate filed under this subsection shall stay the release of the person pending completion of procedures contained in this section.
 
 
 [2]
 Section 4246(d), Title 18 U.S.C., states in pertinent part:
 If, after the hearing, the court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, the court shall commit the person to the custody of the Attorney General....